# MEMORANDUM

OF

# A CASE NOT REPORTED IN FULL.

MARY McKAY AND OTHERS, RESPONDENTS, *v*. ALLEN LASHER
AND EDWARD C. LASHER, APPELLANTS.

*Chapter* 36 *of* 1880 — *comparison of a disputed writing with other genuine writings —
how the genuineness of the latter should be proved.*

APPEAL from a judgment in favor of the plaintiffs, entered upon
the verdict of a jury at the Ulster Circuit of November, 1887.

The court at General Term said: "We have before us only
the exceptions to evidence. The first arises under chapter 36,
Laws of 1880, which allows comparison of a disputed writing
'with any writing proved to the satisfaction of the court to be
genuine.' The defendants insist that such proof of genuineness
must be by admission or by the direct evidence of one who saw the
person write the offered writing. This law introduced a new rule
which had not existed here, though it had in Massachusetts and
some other States. Here the rule was that the disputed writing
might be compared with other writings which had been given in
evidence for other purposes than comparison. (*Miles* v. *Loomis*,
75 N. Y., 288.) Such writings under the old law might have been
proved by the testimony of persons familar with the handwriting.
When thus proved and admitted in evidence, they could be used in
comparison. This statute allowed writings to be proved merely for
the purpose of comparison; but there is nothing in the statute
specifying the mode of proving them. Why may they not be
proved in the same manner in which any other writing might have
been proved before the act? Furthermore, they are to be proved
'to the satisfaction of the court.' This seems to put the matter
exclusively in the judgment of the trial court (*Peck* v. *Callaghan*,
95 N. Y., 73), unless possibly in a case where there was an entire
absence of evidence; that is not this case.

" It is true that in Massachusetts, where there is no statute on the subject, it was stated in a criminal case that a writing to be used for comparison (not otherwise used in evidence) must be proved by direct evidence of the signature or by equivalent evidence (*Commonwealth* v. *Eastman*, 1 Cush., 217) ; but the question was not involved in the case, nor do we find it to be supported by the authorities cited : *Moody* v. *Rowell* (17 Pick., 490) ; *Richardson* v. *Newcomb* (21 id., 317), or by *Martin* v. *Maguire* (7 Gray, 177)."

*M. Schoonmaker*, for the appellants.

*Dewitt Griffin*, for the respondents.

Opinion by LEARNED, P. J. ; LANDON and INGALLS, JJ., concurred.

Judgment affirmed, with costs.